# Supreme Court of Florida

_____

No. SC15-824

_____

**IN RE: AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR—STANDARDS FOR BOARD CERTIFICATION IN CONDOMINIUM AND PLANNED DEVELOPMENT LAW.**

[January 21, 2016]

PER CURIAM.

The Florida Bar petitions this Court to amend the Rules Regulating the Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const.

The Florida Bar (Bar) has submitted a petition out of its biennial cycle proposing that chapter 6 (Legal Specialization and Education Programs) of the Rules Regulating the Florida Bar be amended to include new subchapter 6-30 (Standards for Board Certification in Condominium and Planned Development Law). The proposed new subchapter is composed of the following four new rules: 6-30.1 (Generally); 6-30.2 (Definitions); 6-30.3 (Minimum Standards); and 6-30.4 (Recertification). The proposed amendments were approved by the Board of Governors of The Florida Bar, and formal notice of the proposed amendments was

published in The Florida Bar News. The notice directed interested parties to file their comments directly with the Court. No comments were received.

Having considered the Bar's petition, we adopt these straightforward amendments to the Rules Regulating the Florida Bar as proposed by the Bar. New subchapter 6-30 establishes a new board certification in condominium and planned development law. The Bar explains that adding new subchapter 6-30, and establishing the new board certification, will provide the public with a means to identify those attorneys that have a reputation for professionalism and are proficient in an area of law vital to the economy of Florida.

Accordingly, new subchapter 6-30, as reflected in the appendix to this opinion, is added to the Rules Regulating the Florida Bar. The amendments shall become effective March 21, 2016 at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
LEWIS, J., dissents.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules Regulating The Florida Bar

John F. Harkness, Jr., Executive Director, Ramón A. Abadin, President, Gregory William Coleman, Past President, William J. Schifino, Jr., President-elect 2015-16, Mary Ellen Bateman, DEUP Division Director, and Elizabeth Clark Tarbert, Ethics

Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**SUBCHAPTER 6-30 STANDARDS FOR BOARD CERTIFICATION IN CONDOMINIUM AND PLANNED DEVELOPMENT LAW RULE6-30.1 GENERALLY**

A lawyer who is an active member in good standing of The Florida Bar and meets the standards prescribed below may be issued a certificate identifying the lawyer as "Board Certified in Condominium and Planned Development Law." The purpose of the standards is to identify lawyers who:

**(a)** practice law in the development of common interest real property, and the formation, representation, and regulation of community associations;

**(b)** have the special knowledge, skills, and proficiency; and

**(c)** the character, ethics, and reputation for professionalism to be identified to the public as board certified in condominium and planned development law.

**RULE 6-30.2 DEFINITIONS**

**(a) Community Association and Planned Development.** A "community association" is a corporation for profit or not-for-profit that is engaged in the management and operation of common interest real property, which typically includes:

(1) associations for condominiums, homeowners, property owners, and mobile homes;

(2) associations governing communities or properties which may be related to residential, commercial, other non-residential communities or properties;

(3) cooperatives;

(4) recreational organizations such as golf or tennis clubs; and

(5) voluntary organizations that are incorporated or not incorporated.

A "planned development" is real property in Florida that consists of or will consist of separately owned areas, lots, parcels, units, or interests together with common or shared elements or interests in real property, or where the separately

owned areas, lots, parcels, units, or interests are subject to common restrictive covenants or are governed by a community association.

**(b) Condominium and Planned Development Law**. "Condominium and planned development law" is the practice of law that involves:

(1) serving as counsel to community associations, property owners, community association members, sellers, purchasers, developers, lenders, governmental agencies, and investors in matters related to community associations and planned developments;

(2) drafting governing documents or their amendments, and preparing filings with governmental agencies that regulate community associations or planned developments;

(3) serving in or for governmental agencies which regulate community associations or planned developments;

(4) representing parties in construction lien and defect claims, collection of assessment actions, governing document and community association statutory enforcement and dispute actions, and other litigation, arbitration, and mediation in matters relating to community associations or planned developments; and

(5) planning, development, construction, and financing of condominium or planned development communities.

**(c) Practice of Law.** The "practice of law" for this area is set out in rule 6-3.5(c)(1).

### RULE 6-30.3  MINIMUM STANDARDS

**(a) Minimum Period of Practice.** The applicant must have been engaged in the practice of condominium and planned development law for at least 5 years immediately preceding the date of application.

**(b) Substantial lnvolvement**. The applicant must demonstrate continuous and substantial involvement in the practice of law, of which at least 40 percent has been spent in active participation in condominium and planned development law during at least 3 of the 5 years immediately preceding the date of application.

**(c) Practical Experience.** The applicant must demonstrate substantial practical experience in condominium and planned development law by providing

examples of at least 20 substantive tasks or services performed on behalf of, or in connection with, community associations and planned developments, such as:

(1) drafting, reviewing, interpreting, or revising development and governing documents, title instruments and reports, title insurance policies, contracts for sale and purchase, and statutory and administrative laws, rules, and provisions;

(2) drafting financing instruments for developers, lenders, investors, or community associations;

(3) planning and drafting project legal structures and entities;

(4) dealing with development funds and associated development documents;

(5) drafting other project related documents;

(6) serving as an arbitrator or counsel for a party in an arbitration;

(7) serving as a mediator or counsel for a party in a mediation;

(8) drafting opinion letters;

(9) serving as legal counsel at a trial, on appeal, or in administrative hearings;

(10) representing owners, purchasers, developers, lenders, investors, community associations, governmental agencies, or political subdivisions in matters relating to condominium and planned development law; or

(11) any other activity deemed appropriate by the condominium and planned development law certification committee.

The applicant must also describe, through examples or narrative, the applicant's law practice of representing community associations, developers, lenders, investors, or owners in matters involving condominium and planned development law during the 5-year period preceding the date of application. The examples or narrative must include the approximate number and type of clients the applicant has represented during the 5-year period. Consideration will be given to applicants who have served as in-house counsel or who have been employed by governmental agencies.

**(d) Peer Review.** The applicant must submit the names and addresses of 5 individuals who are neither relatives nor current associates or partners as references to attest to the applicant's substantial involvement, practical experience, and competence in condominium and planned development law, as well as the applicant's character, ethics, and reputation for professionalism in the practice of law. At least 4 of the 5 references must be lawyers or judges and at least 3 of the lawyer references must be members of The Florida Bar. The condominium and planned development law certification committee may, at its option, send reference forms to other lawyers and judges.

**(e) Education.** The applicant must demonstrate completion of 50 credit hours of approved continuing legal education in condominium and planned development law during the 3-year period immediately preceding the date of application. Accreditation of educational hours is subject to policies established by the condominium and planned development law certification committee or the board of legal specialization and education.

**(f) Examination.** The applicant must pass an examination administered uniformly to all applicants to demonstrate sufficient knowledge, skills, proficiency, and experience in condominium and planned development law to justify the representation of special competence to the legal profession and the public.

**(g) Exemption.** An applicant who has been substantially involved in condominium and planned development law for a minimum of 20 years, and who otherwise fulfills the standards under rule 6-30.3(c)–(e), will be exempt from the examination. This exemption is only applicable to those applicants who apply within the first 2 application filing periods from the effective date of these standards.

## RULE 6-30.4 RECERTIFICATION

During the 5-year period immediately preceding the date of application, the applicant must satisfy the following requirements for recertification:

**(a) Substantial Involvement.** The applicant must demonstrate continuous and substantial involvement in condominium and planned development law throughout the period since the last date of certification or recertification. The demonstration of substantial involvement must show that condominium and planned development law comprises at least 40 percent of the applicant's practice.

**(b) Practical Experience.** The applicant must demonstrate continued compliance with the requirements of rule 6-30.3(c).

**(c) Education.** The applicant must demonstrate completion of at least 75 credit hours of approved continuing legal education in condominium and planned development law, in accordance with the standards set forth in rule 6-30.3(e).

**(d) Peer Review.** The applicant must submit the names and addresses of at least 3 individuals who are neither relatives nor current associates or partners as references to attest to the applicant's substantial involvement, practical experience, and competence in condominium and planned development law, as well as the applicant's character, ethics, and reputation for professionalism in the practice of law. At least 2 of the 3 references must be lawyers or judges, and at least 1 must be a member of The Florida Bar. The condominium and planned development law certification committee may, at its option, send reference forms to other lawyers and judges.